IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH LOPEZ,

    Plaintiff,                      No. CIV S-09-1928 GGH P

    vs.

SUE HUBBARD, et al.,              ORDER

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 28 U.S.C. § 1983. Pending before the court is the November 13, 2009, motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed on behalf of defendant Grannis. For the following reasons, the court orders that defendant's motion be granted, but with leave to amend.

<u>Legal Standard for Motion to Dismiss</u>

        In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal Practice

1

and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

\\\\\

Discussion

This action is proceeding on the original complaint filed July 15, 2009. Defendants Hubbard, Rodriguez, Arnold and Hill have answered the complaint. Defendants Rapoza, Garcia, Porter and Campbell have not yet appeared.

Plaintiff alleges that for many years he has been assaulted and harassed by cellmates at different prisons. Plaintiff alleges that defendants failed to protect him from these assaults in violation of the Eighth Amendment.

The specific allegations against defendant Grannis are as follows:

> Roseanne Campbell, Silvia H. Garcia, N. Grannis, D.L. Porter comprise the decision makers in Pla. Administrative Appeal (Ex. 1, Second Level Appeal Response; Director's Level Appeal Decision). Each of the four was in position, and had capacity, to grant the appeal. It appears that Pla. references to in-cell victim history and specified documentation therefor, has been ignored by these defendants. Campbell and Grannis are accounted, indirectly, in that they are supervisory figures to Garcia and Porter respectively.

Complaint, p. 6 of 10.

Attached as Exhibit 1 to the complaint is a copy of a Director's Level Appeal Decision dated May 12, 2006. The issue addressed by this appeal is plaintiff's claim that on November 22, 2005, the Unit Classification Committee (UCC) at Mule Creek State Prison inappropriately approved plaintiff for double cell housing. Court file document no. 1-2, Complaint, Exhibit 1, p. 11of 52. Plaintiff claimed that he had repeatedly been victimized and deserved single cell status. Id.

The response to this grievance includes the second level decision which found that the UCC noted that plaintiff was involved in a cell fight in 1999, but this did not preclude double cell housing. Id. The second level decision also stated that the institution pointed out that plaintiff did not have a history of in-cell assaultive, abusive or predatory behavior toward a cellmate. Id. Plaintiff also did not meet the criteria for gymnasium housing. Id.

The Director's Level response, dated May 12, 2006, stated that it reaffirmed the institution's examination and conclusions. Id. Plaintiff had not demonstrated good cause for

1 justifying single cell housing. Id. This decision contains a signature line for defendant Grannis
2 but it appears to have been signed by someone else on her behalf.

3       Defendants move to dismiss the claims against defendant Grannis on grounds that
4 prisoners have no due process right to prison grievance system. Ramirez v. Galaza, 334 F.3d
5 850, 860 (9th Cir. 2003). Defendants argue that a claim for relief based on the failure to grant an
6 administrative grievance or process them is not cognizable because there is no right to a prison
7 grievance system.

8       In the opposition, plaintiff argues that he is not making a due process claim
9 against defendant Grannis. Plaintiff alleges that he is claiming that defendant Grannis failed to
10 protect him from violence by other inmates in violation of the Eighth Amendment.

11       Defendants sued in their individual capacity must be alleged to have: personally
12 participated in the alleged deprivation of constitutional rights; known of the violations and failed
13 to act to prevent them; or implemented a policy that repudiates constitutional rights and was the
14 moving force behind the alleged violations. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th
15 Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th Cir.
16 1989). "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v.
17 Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L.Ed.2d 128, it is perfectly clear that not
18 every injury in which a state official has played some part is actionable under that statute."
19 Martinez v. State of California, 444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980). "Without
20 proximate cause, there is no § 1983 liability." Van Ort v. Estate of Stanewich, 92 F.3d 831, 837
21 (9th Cir. 1996).

> The search, which was performed in accordance with this constitutionally valid strip search policy, was subsequently ratified by the School Board when Mr. Williams filed a grievance. Therefore, Williams' only grasp at evoking municipal liability under § 1983 is to show that this subsequent ratification is sufficient to establish the necessary causation requirements. Based on the facts, the Board believed Ellington and his colleagues were justified in conducting the search of Williams. There was no history that the policy had been repeatedly or even sporadically misapplied by school board officials in the past. Consequently, the School Board cannot be held liable for the ratification of the search in question,

because this single, isolated decision can hardly constitute the "moving force" behind the alleged constitutional deprivation.

Williams v. Ellington, 936 F.2d 881, 884-885 (9th Cir. 1991).

This court is unwilling to adopt a rule that anyone involved in adjudicating grievances after the fact is per se potentially liable under a ratification theory. However, this is not to say that persons involved in adjudicating administrative disputes, or persons to whom complaints are sometimes made, can never be liable under a ratification theory. If, for example, a reviewing official's rejections of administrative grievances can be construed as an automatic whitewash, which may have led other prison officials to have no concern of ever being reprimanded, a ratifying official may be liable for having put a defective policy in place.

The court does not find that the Director's Level response to plaintiff's grievance was a whitewash which may have led other prison officials to have no concern for plaintiff's safety. The response reviewed the Second Level Response, which had reviewed the UCC report and comments by officials at Mule Creek State Prison. The Director's Level Response would not have led officials at Mule Creek State Prison or any other prison to believe that they could disregard plaintiff's safety.

For these reasons, the court finds that plaintiff has not stated a colorable claim against defendant Grannis.[1] However, the court will grant leave to amend. If plaintiff can allege *truthfully* that defendant Grannis has been placed on notice before his filing of the most recent grievance that plaintiff has alleged that prison officials are ignoring his safety concerns, or that persons similarly situated have complained to Grannis that their safety is in jeopardy, but have always, or nearly always, been rejected, plaintiff may be able to state a claim against defendant Grannis. Plaintiff is again advised that he must have factual support for any allegations in his

---

[1] The fact that the Director's Level Decision was not signed by defendant Grannis suggests that she may not even have had knowledge of it. However, the undersigned cannot definitely make that finding in resolving the instant motion to dismiss.

regard.  A failure to have such support for any allegations may result in sanctions against plaintiff, including dismissal of the entire lawsuit.

        Accordingly, IT IS HEREBY ORDERED that defendant Grannis' motion to dismiss is granted with leave to amend; any amended complaint shall be filed within 28 days from the filed date of this order.

DATED:   January 29, 2010

                                              /s/ Gregory G. Hollows
                                              UNITED STATES MAGISTRATE JUDGE

lop1928.57