IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH LOPEZ,

     Plaintiff,                              No. CIV S-09-1928 GEB GGH P

    vs.

SUE HUBBARD, et al.,               ORDER

     Defendant.

_____/

<u>Introduction</u>

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants failed to protect him in violation of the Eighth Amendment, by not providing him a single cell. Plaintiff's complaint describes alleged assaults by other inmates against him in the 1980's, 1990's and 2000's. Pending before the court is plaintiff's motion to compel discovery (Doc. 37), filed March 22, 2010. Defendants filed an opposition (Doc. 42), on April 7, 2010

<u>Motion to Compel Discovery</u>

        A party may bring a motion to compel discovery when another party has failed to respond or respond adequately to a discovery request. Fed. R. Civ. P. 37(a)(3). A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

1

defense" but "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). As the moving party, plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel and for each disputed response, why defendants' objections are not justified or why the response provided is deficient.

Plaintiff's motion seeks production of documents on 17 requests that he had sent to defendants. However, other than listing the document requests in the instant motion to compel, plaintiff provides no other information other than saying he wants the documents produced. Plaintiff has attached no exhibits in support of his motion nor does plaintiff provide any details regarding defendants' objections to the document requests. Plaintiff merely states that defendants refused to present documents for these requests. Plaintiff has not elaborated on the grounds for defendants' refusal and has not specified the specific discovery responses to which he objects. Despite plaintiff's inadequate motion, defendants' have provided plaintiff's requests and defendants' responses which provide some context for the court.

Defendants have since provided the documents requested for plaintiff's requests 1 and 15. Therefore, those requests are moot. With respect to requests 3, 9, 17, 20 and 21, defendants indicate that all documents discovered, have been turned over and no documents were found related to several of plaintiff's requests. As defendants have stated they do not possess any more documents, there is nothing for the court to compel and these requests are denied.

Plaintiff is left with the following requests:

    2.  128-B, general chronos, from 1987 to present;

    4.  114-A, detention/segregation records, from 1980 to present;

    8.  GA-154, housing assignments, 1984 to present;

    12.  ISU report, February 1987;

    13.  ISU report, April, May or June 1997;

    16.  812-C, notice of critical information - confidential enemies;

22. Evidence countering plaintiff's claims and C-file writings relevant to his claims in 1997 and 2005;

23. Names of all cellmates at SVSP in 1997;

24. Names of all cellmates at MCSP in 2002;

26. Inmate Woodhall's commitment offense.

Requests 2, 4, & 8

Requests 2, 4 and 8 seek documents spanning the last twenty to thirty years. Defendants note that this would include thousands of documents for each request. Plaintiff has not stated why he needs all these records and there is no explanation why this request could not be narrowed, thus these requests are denied as vague, overbroad and unduly burdensome.

Requests 12, 13 & 16

Plaintiff requests Investigative Service Unit reports from 1987 and 1997 and a confidential list of his enemies. It is not clear how the reports from 1987 and 1997 are relevant to this case. Assuming plaintiff was assaulted in those years, it is not clear how that would impact placing him in a double cell 10 or 20 years later at a different facility. Nor has plaintiff made any showing on why his list of inmate enemies is relevant to the facts of his complaint. These requests are denied.

Request 22, 23 & 24

Plaintiff seeks defendants to produce evidence countering his claims and all C-file writings relevant to his claims in 1997 and 2005. Plaintiff also requests all cellmates at two different prisons in 1997 and 2005. These requests are vague and overbroad and are denied.

Request 26

Plaintiff requests to know the commitment offense of another inmate, however it is not clear why plaintiff needs this information or how it is relevant based on plaintiff's complaint. This claim is denied.

\\\\\

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 22, 2010 motion to compel (Doc. 37) is denied;

2. Plaintiff's motion for an extension (Doc. 64) is granted and his opposition to summary judgment is deemed timely filed.

DATED: 08/20/2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB
lope1928.cpl