IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH LOPEZ,

    Plaintiff,            No. CIV S-09-1928 GEB GGH P

  vs.

SUE HUBBARD, et al.,

    Defendants.         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

I. <u>Introduction</u>

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court are defendants' motion for summary judgment (Doc. 54), filed on June 11, 2010.

      This action proceeds against four defendants alleging they failed to protect plaintiff in violation of the Eighth Amendment by not placing him on single cell status in 2006. It is undisputed that plaintiff has not been assaulted during the time frame of this complaint. Plaintiff seeks monetary damages and injunctive relief.

II. <u>Motion for Summary Judgment</u>

      <u>Legal Standard for Summary Judgment</u>

      Summary judgment is appropriate when it is demonstrated that there exists "no

1

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322, 106 S. Ct. at 2552. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323, 106 S. Ct. at 2553.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11, 106 S. Ct. at 1356 n. 11. The opposing party must demonstrate that the fact in contention is

material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (citation omitted).

On August 31, 2009, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154

F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

The above advice would, however, seem to be unnecessary as the Ninth Circuit has held that procedural requirements applied to ordinary litigants at summary judgment do not apply to prisoner pro se litigants. In Thomas v. Ponder, 611 F.3d 1144 (9th Cir. 2010), the district courts were cautioned to "construe liberally motion papers and pleadings filed by *pro se* inmates and ... avoid applying summary judgment rules strictly." Id. at 1150. No example or further definition of "liberal" construction or "too strict" application of rules was given in Ponder suggesting that any jurist would know inherently when to dispense with the wording of rules. Since the application of any rule which results in adverse consequences to the pro se inmate could always be construed in hindsight as not liberal enough a construction, or too strict an application, it appears that only the essentials of summary judgment, i.e., declarations or testimony under oath, and presentation of evidence not grossly at odds with rules of evidence, apply in this dichotomous litigation system where one side must obey the written rules and the other side substantially absolved from doing so.

Undisputed Facts

The following of defendants' undisputed facts (DUF) are either not disputed by plaintiff, or following the court's review of the evidence submitted, have been deemed undisputed:

On January 11, 2006, an Institution Classification Committee hearing was held as plaintiff was recently transferred to Mule Creek State Prison. DUF #23. Plaintiff had complained he was in danger and needed a single cell. DUF #24. Staff believed that plaintiff was engaging in manipulative behavior to obtain single-cell housing. DUF #26. Based on these concerns, plaintiff's case was referred to the Departmental Review Board (DRB). DUF #28. On September 28, 2006, the DRB found that plaintiff had shown a pattern of rejecting placement in the general population, but in some instances managed to adjust to new facilities successfully.

DUF #36, 37.  The DRB chose to transfer plaintiff to CSP-Calipatria.  DUF #39.  Plaintiff was questioned by the DRB and stated he was not aware of any enemy concerns against him at the sensitive needs yard at CSP-Calipatria and that he could program successfully at that facility.  DUF #42.

On December 19, 2006, plaintiff participated in a Unit Classification Committee (UCC) hearing at CSP-Calipatria.  DUF #7.  The UCC reviews a prisoner's classification status, including if a prisoner is in need of a single cell housing.  DUF #3, 4, 5.  A decision concerning single cell status is based on documented evidence that the prisoner could not be safely housed in a double cell or dormitory situation based on recommendation from custody staff or health care staff.  DUF #6.  Plaintiff insisted on single cell status due to his commitment offense that led to him being victimized by other inmates.  DUF #9, 10.  Plaintiff's file indicated reports by plaintiff of victimization by other inmates in 1987 and 1997.  DUF #11, 14.  Plaintiff's request was denied.  DUF #11.  The UCC did not find these previous assaults from 10 to 20 years prior indicated a pervasive pattern of in cell assaults or predatory behavior, so plaintiff was approved for double cell housing with the general sensitive needs yard inmates.  DUF #42, 43.  Plaintiff appealed the UCC decision, but his appeals were denied.  DUF #21.

Plaintiff did not suffer any assaults or physical harm during the time period discussed in his complaint.  DUF #78, 79, 80; Opposition at 16.  All the defendants were unknown to plaintiff prior to 2006.  Opposition at 17.

Disputed Facts

Plaintiff believes his history of victimization should justify single cell status. Plaintiff provides a history of alleged assaults against him in the 1980's and 1990's and being punched in the face in 2004.  Opposition at 31-43.  Plaintiff also alleges that in 2005 a cell mate asked him for sexual favors, but plaintiff declined and there was no violence.  Opposition at 42. Plaintiff also states that another inmate threatened him in 2006, but there was no assault.  Id.

Defendants note that plaintiff was uncooperative when staff attempted to

5

investigate plaintiff's safety concerns regarding double cells status. DUF #56. Plaintiff denies being uncooperative.

### Analysis

#### Legal Standard

"'[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'" Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 1976 (1994). "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious' . . . For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. at 834. Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind' . . . [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." Id. The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the officials must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Pursuant to the Prison Litigation Reform Act, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.SC. 1997e(e). In the Ninth Circuit, this requires a "showing of physical injury that need not be significant but must be more than de minimis." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).

#### Discussion

As a matter of law plaintiff has failed to show a violation of the Eighth Amendment. Plaintiff states that defendants have failed to protect him by refusing single cell status, however, it is undisputed that plaintiff was never assaulted or suffered any physical harm

6

as a result of the actions of the defendants. To the extent plaintiff seeks damages for failure to protect, his claims must fail and summary judgment should be granted to all defendants. Similarly, any claim for emotional injury must fail.

To the extent plaintiff seeks injunctive relief and presumably for the court to order single cell status, plaintiff has failed to set forth sufficient facts to justify court intervention. While the specter of imminent harm can justify an Eighth Amendment suit in the absence of actual harm, "[F]ederal courts must remember that the duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, for which we are ill-equipped." Bruce v. Ylst, 351 F.3d 1283, 1290 (9th Cir. 2003), quoting Touissant v. McCarthy (Touissant IV), 801 F.2d 1080, 1086 (9th Cir. 1986). "[T]he relief ordered by federal courts must be consistent with the policy of *minimum intrusion into the affairs of state prison administration.*" Id. (emphasis added in Bruce).

The record reflects that the prison officials have routinely investigated and reviewed plaintiff's requests for single cell status and many hearings have been conducted regarding the matter. Other than disagreeing with the decision, plaintiff has failed to present any evidence to justify single cell status. Plaintiff relies on incidents in the 1980's and 1990's where he was assaulted. While this is potential evidence to support single cell status 10 or 20 years ago, plaintiff has failed to demonstrate how these long past incidents at different facilities are relevant to events in the instant complaint.

For all these reasons, defendants' motion for summary judgment should be granted and this case closed.

IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment (Doc. 54) be granted and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within fourteen days after service of the objections.  The parties are
4  advised that failure to file objections within the specified time may waive the right to appeal the
5  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 09/29/10

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH: AB
lope1928.sj